IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.C., *an individual*, and J.C., *an individual*,

    Plaintiffs,

v.                                                                    1:25-cv-00575-DLM-JMR

COOPERSURGICAL, INC.,

    Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Leave to Proceed Under Pseudonyms. Doc. 16. Having reviewed the motion and the relevant law, the Court hereby GRANTS the motion. The Court further QUASHES its Order to Show Cause (Doc. 9) for proceeding via pseudonym without permission. A version of the complaint filed under seal that places on the record the Plaintiffs' real names is due **September 5, 2025.**

In the motion, Plaintiffs request to proceed via pseudonym because "[t]his case involves incredibly sensitive, personal, and private information about Plaintiffs and their reproductive efforts and fertility treatment." Doc. 16 at 1. Plaintiffs elaborate:

> Plaintiffs A.C. and J.C. are a married couple who went to sought help after struggling with infertility. Plaintiffs sought In Vitro Fertilization ("IVF") treatment at the [defendant's] clinic. Tragically, one of their embryos was destroyed when [a] Recalled Embryo Culture was used, destroying Plaintiffs' embryo. . . . The evidence in this case will include details of A.C. and J.C.'s medical conditions that contributed to their infertility, their struggles to conceive naturally, the very invasive fertility treatments they underwent, and the emotional distress they endured following the destruction of those embryos, including mental health treatment. Plaintiffs did not disclose to friends or family that they were struggling to conceive or undergoing IVF treatment, and they do not intend to reveal that information.

Doc. 16 at 2. Plaintiffs also note that they filed this case in New Mexico state court, and the Defendant removed this case to federal court. Plaintiffs correctly note that "use of pseudonyms is liberally used in sensitive matters" filed in New Mexico state courts. Doc. 16 at 1.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the Eleventh Circuit standard, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v.*

*Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citation omitted). If the court grants permission, the court often requires the anonymous plaintiff to disclose his or her real name to defendants and to the court under seal while permitting the plaintiff to use his or her initials in all other filings. *Id*. If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

In this case, the Court finds that Plaintiffs met their burden of showing that their need for anonymity outweighs the public interest in favor of openness. The Court finds that the nature of this case is of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246; *see also Doe v. Cabell Huntington Hosp., Inc.*, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) ("Medical information regarding fertility issues is surely highly personal and sensitive in nature."). This case involves Plaintiffs' sexual conduct and invasive fertility treatment, which could be considered socially stigmatized. Further, "[f]orcing Plaintiffs to disclose widely their fertility struggles may exacerbate their injury." Doc. 16 at 4 (quoting *Q.R. v. CooperSurgical, Inc. et al.*, No. 24-cv-00689-RS (N.D. Cal. 2024)). In at least two other cases involving destroyed embryos, this Court has granted permission for the plaintiffs, who had also undergone IVF treatment, to proceed via pseudonym in pretrial proceedings. *See* Doc. 25, *S.R. v. CooperSurgical, Inc.*, No. 1:24-cv-00631-DHU-KK (D.N.M. filed June 20, 2024) (granting plaintiffs permission to proceed via pseudonym in pre-trial proceedings); Doc. 16, *M.D. v. CooperSurgical, Inc.*, 1:24-cv-00730-KWR-KK (D.N.M. filed June 16, 2024). A handful of other courts have done the same in IVF-related lawsuits. *E.M. v. Shady Grove Reprod. Sci. Ctr., P.C.*, No. CV 24-956 (RC), 2025 WL 947515, at *1 n.1 (D.D.C. Mar. 28, 2025); *E.F. v. Cooper Surgical*, No. 24-cv-0643-JST (N.D. Cal. 2024) (Plaintiffs' Exhibit 1); *Q.R.*, No. 24-cv-00689-RS (N.D. Cal. 2024) (Plaintiffs' Exhibit 2). As is in those cases, the Court here finds that the

Plaintiffs' privacy interests outweigh the public's countervailing interest in access to Plaintiffs' identities.

In addition, the Court notes that the Defendant is not opposed to Plaintiffs proceeding under pseudonym.  The Court sees no prejudice to the Defendant: Defendant knows Plaintiffs' identities and is not hampered in its efforts to investigate and defend against Plaintiffs' allegations.  *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name).  The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in plaintiff's identity in connection with this case.

The Court hereby grants Plaintiffs permission to proceed via pseudonym in this case.  If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  **The Court therefore orders Plaintiffs to file, no later than September 5, 2025, a version of the complaint under seal that places on the record the Plaintiffs in their real names as the parties in interest.**  In all other filings, Plaintiffs may proceed via pseudonym.

                                                _____
                                                JENNIFER M. ROZZONI
                                                United States Magistrate Judge